**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROBERT THOMPSON, ) | CASE NO. 1:14-cv-00381 |
| Plaintiff, ) | |
| v. ) | |
| CAROLYN W. COLVIN, ) | MAGISTRATE JUDGE GREG WHITE |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | **ORDER** |

### I. Procedural History

On October 26, 2015, Robert Thompson ("Plaintiff"), through counsel Katherine M. Braun ("Braun"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 24.) On November 9, 2015, the Acting Commissioner of Social Security ("Commissioner") filed a response indicating she did not object to the request so long as fees previously awarded under the Equal Access to Justice Act (EAJA) are refunded to Plaintiff. (ECF No. 25.)

Previously, on August 19, 2014, pursuant to the joint stipulation of the parties, the Court remanded this matter under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings. (ECF Nos. 18 & 19.) Subsequently, on November 12, 2014, Plaintiff filed an application for attorney's fees under the EAJA, 28 U.S.C. § 2412(d). (ECF No. 20.) On November 24, 2014, the parties filed a stipulation agreeing to an EAJA award of $2,800. (ECF No. 21.) The Court granted an EAJA award in the stipulated amount. (ECF No. 23.)

Upon remand, on July 18, 2015, the Social Security Administration determined that

Plaintiff was disabled and was entitled to benefits as of January 2010.  (ECF No. 24-2.)

## II.  Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

   (1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq*.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      (B) For purposes of this paragraph--

         (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

         (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

   (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 118602 (S.D. Ohio Sept. 20, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).  "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).

## III.  Analysis

Braun represents that she performed 17.00 hours of work on this matter.  (ECF No. 24.) Braun requests $6,646.55 in attorney fees to be paid from Plaintiff's past due benefits    a rate of

$390.97 per hour. *Id*. The Commissioner does not object.[1] (ECF No. 25.) Nevertheless, this Court must review whether the requested fee is reasonable. *See, e.g., McCann v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 54304 (S.D. Ohio 2012); *Cabrera v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 105924 (S.D. Ohio Sept. 19, 2011) ("[E]ven in a case where the government has filed no response to the fee petition, [d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination.") (internal quotations omitted).

The award letter from the Social Security Administration ["SSA"] attached to the application does not specify the amount withheld. (ECF No 24-2.) Plaintiff's counsel represents that Plaintiff's past due benefits amount to $66,586.20 (ECF No. 24.) According to Braun, she has been authorized at the administrative level to receive a payment for attorney services of $10,000.00 pursuant to §406(a) for work performed before the SSA. *Id*. Braun requests an additional $6,646.00 in fees for work performed before this Court. The two fee awards combined would constitute 25 percent of Plaintiff's past due benefits. Nonetheless, the Sixth Circuit has held that the 25 percent cap in § 406(b) applies only to work performed before a district court, and is inapplicable to separate awards made by the SSA pursuant to 42 U.S.C. § 406(a). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee--limited to 25 percent of past-due benefits--for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *accord Campbell v. Astrue*, 2009 U.S. Dist. LEXIS 65264 at *10 (E.D. Ky. July 28, 2009) (rejecting the Commissioner's argument

---

[1] The Court agrees with another district court's recent observation that "the Commissioner has little incentive to file any response at all to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Still, under controlling case law, this Court has an affirmative duty to examine the 'reasonableness' of fee awards under 42 U.S.C. §406(b)." *Weber v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 64036 (S.D. Ohio Apr. 2, 2015).

that attorney fees awarded under § 406(b) had to be reduced by any fee awarded by the SSA under § 406(a) so that the aggregate fee paid by the claimant did not exceed twenty-five percent of past-due benefits.); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 124004 (W.D. Mich. Sept. 26, 2011) ("While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the federal court.")

Thus, while the amount awarded by SSA under § 406(a) is irrelevant in determining the reasonableness of the instant fee request, an award of 25 percent is not *per se* reasonable. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use [the 25 percent cap] as a starting point for the court's analysis, we emphasize that **it is not to be viewed as *per se* reasonable**.") (emphasis added); *Honaker v. Astrue*, 2008 U.S. Dist. LEXIS 89769 (N.D. Ohio 2008). Here, Plaintiff executed a contingency fee agreement whereby counsel's recovery for work is limited to twenty-five (25) percent or an EAJA award, whichever is higher. (ECF No. 30-3.) "When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez*, 865 F.2d at 746. Nonetheless, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no hint of improper conduct herein and counsel was quite effective. As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement. "In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall." *Bailey v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 25091 (N.D. Ohio Feb. 28, 2012) (*citing Hayes*, 923 F.2d at 422) ("We believe that ... a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the

contract is less than ***twice the standard rate for such work in the relevant market***") (emphasis added); *Tibbetts v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 48293 (S.D. Ohio Mar. 16, 2015) ("An attorney seeking fees under §406(b) 'must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.'") (citations omitted).

Recently, the Sixth Circuit upheld a district court's denial of a request for fees that did not exceed the twenty-five percent cap, but resulted in an effective hourly rate of $733.80.

> The district court followed [the *Gisbrecht*] approach here. It began by acknowledging the contingency-fee agreement and § 406(b)'s 25-percent ceiling. It then considered the effective hourly rate "as one relevant factor in determining the reasonableness" of the contingency fee. Here, the effective hourly rate of $733.80 ($26,049.73 ÷ 35.5 hours) grossly exceeded — indeed, more than quadrupled — the standard rates applied to social security fee requests in the Southern District of Ohio. *See, e.g., Jones v. Astrue*, No. 3:09-cv-80, 2012 U.S. Dist. LEXIS 111030, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Report & Recommendation) (using "conservative" hourly rate of $180), *adopted*, 2012 U.S. Dist. LEXIS 123069, 2012 WL 3763909; *Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 U.S. Dist. LEXIS 35767, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) (relying on $165 hourly rate approved in counsel's application for fees under the Equal Access to Justice Act as standard rate for assessing the reasonableness of the contingency fee under § 406(b)). The district court considered other factors, too, including counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the "brevity" and "relative simplicity" of the representation.

*Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).

The question then before this Court is whether a rate of $390.97 per hour is less than twice the standard rate for such work in the relevant market. In other words, does a rate of $195.49 per hour represent the standard market rate (or less)? In *May v. Comm'r of Soc. Sec.*, 4:10CV1533, 2013 WL 162293 (N.D. Ohio Jan. 14, 2013), counsel requested an effective hourly rate of $545.44, explaining that her usual hourly rate was $272.72. Judge Adams observed as follows:

> This Court has recently reviewed the issue of a reasonable hourly rate and concluded that upon consideration of all that is known to the Court about this area of law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour. This latter figure places the relevant market rate directly in line with the median hourly rate that the Court sees employed in a broad spectrum of civil litigation

*Id.*; *see also Brown v. Comm'r of Soc. Sec.*, 4:09-CV-2870, 2012 WL 6682112 (N.D. Ohio Dec.

5

21, 2012) (M.J. Vecchiarelli) ("The proper measure is whether the fee is less than twice the standard rate for such work in the relevant market. While plaintiff's counsel asserts that a $200 per hour fee is the standard rate in the Cleveland market, she offers no evidence to support that assertion.")

Here, Braun has not presented this Court with any evidence suggesting that $195.49 per hour per hour is the standard rate in this market. Though this case does not involve an EAJA fee petition, the Court believes that several recent decisions involving EAJA applications are appropriate tools to consult to determine the relevant market rate, especially in the absence of any evidence from counsel. Recent decisions by this Court have determined that the prevailing rate in the community is between $176.95 to $181.25 per hour. *See, e.g., Gunther v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 64355 (N.D. Ohio Apr. 16, 2013) (determining rate for work performed in late 2012); *Coy v. Astrue*, 2013 U.S. Dist. LEXIS 50328 (N.D. Ohio, Apr. 8, 2013) (determining rate for work performed throughout 2012); *Mohr v. Com'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio 2013); *Mohr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio, Feb. 12, 2013) (same); *Vasquez v. Astrue*, 2012 U.S. Dist. LEXIS 118588 (N.D. Ohio, Aug. 22, 2012) (determining rate for work performed throughout 2011); *Jaworski v. Astrue*, 2012 U.S. Dist. LEXIS 115541 (N.D. Ohio, Aug. 16, 2012) (same).[2] However, Braun performed most of the work before this Court in the first half of 2014. Using the same reasoning as in the cases above, an appropriate hourly rate for the first half of 2014 would be $182.53.[3] As

---

[2] A decision from the Southern District of Ohio noted that "[i]n recent social security cases, this Court has indicated that $350.00 to $360.00 per hour represents a '*per se* reasonable' fee under §406(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*." *Boston v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 63113 (S.D. Ohio May 7, 2014).

[3] In arriving at this figure, the Court utilizes March 1996 as the starting date when Congress raised the EAJA cap to $125. The index for March 1996 was 150.9 utilizing the Consumer Price Index - All Urban Consumers for the Cleveland-Akron area for "All Items". (Series Id: CUUSA210SA0). The first half index for 2014 (when most of the work was performed) was 220.352. *Id*. Given these figures, the appropriate hourly rate, using $125 as a base, would be $182.53 (150.9 is to 220.352, as $125 is to x, resulting in x equaling $182.53.)

double the normal market rate does not constitute a windfall, the Court finds that a § 406(b) fee award at an hourly rate of $365.06 is reasonable. Given that counsel expended 17.00 hours in this matter, an appropriate amount of fees is $6,206.02.

Finally, although attorneys in social security actions may seek an award under both the EAJA and under § 406(b), they are prohibited from collecting both in the same case. *See Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804 at *21 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)). "In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Id*. Braun's petition is silent as to the fate of the previously awarded EAJA fees. (ECF No. 24.) The Court orders Braun to return the $2,800 previously awarded to Plaintiff under the EAJA.

### IV. Conclusion

The Court hereby GRANTS in part and DENIES in part counsel Braun's request for attorney fees. (ECF No. 24.) The amount requested is not approved, but the Court hereby authorizes payment in the amount of $6,206.02 from Plaintiff's past due benefits. Plaintiff's counsel is further ordered to refund $2,800.00 to Plaintiff  the amount she previously received under the EAJA.

IT IS SO ORDERED.

s/ Greg White  
United States Magistrate Judge

Dated: November 10, 2015

---

These figures are derived from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.